1

2

3

4

O

5

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11   FRANCIS NASWOOD,                     )   Case No. EDCV 09-1675-SVW (DTB)
                                          )
12                    Plaintiff,          )
                                          )   ORDER DISMISSING COMPLAINT
13          vs.                           )   WITH LEAVE TO AMEND
                                          )
14   TERESSER A. BANKS,                    )
     Warden, et al.,                       )
15                                         )
                      Defendants.          )
16

17          Plaintiff, a federal inmate currently incarcerated at the Federal Correctional

18   Institution in Adelanto, California (hereinafter "USP-Victorville"), filed a pro se civil

19   rights Complaint herein pursuant to Bivens v. Six Unknown Federal Narcotics Agents,

20   403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) on October 15, 2009, after

21   being granted leave to proceed without prepayment of the full filing fee.  Named as

22   defendants are five BOP employees: Warden Teresser A. Banks ("Banks"); Unit

23   Manager J. Lavave ("Lavave"); Case Manager C. Sylvester ("Sylvester"); Counselor

24   D. Evans ("Evans"); and Dr. Quinn, M.D. ("Dr. Quinn").  Each of the defendants was

25   sued in both their individual and official capacities.

26          Insofar as the Court can glean from the Complaint, plaintiff alleges that he

27   suffered a ruptured ear drum and that the defendants failed to treat his medical

28   condition appropriately.  (See Complaint at 5).  Specifically, plaintiff contends that

1

1    the defendants prescribed the wrong medication for his ear drum rupture, and when

2    he sought to complain by filing a grievance, engaged in retaliatory conduct which

3    included threats of assaultive behavior, confiscation and destruction of his legal

4    documents, and heightened punishment in the form of placement on the "LT Bench"

5    in the "hot sun". (Id.)  The Complaint alleges violations of plaintiff's rights under the

6    First and Eighth Amendments to the Constitution.

7        Although the Court granted plaintiff's application to proceed in forma pauperis

8    and the Complaint was filed, upon further review, the Court hereby orders the

9    Complaint dismissed, with leave to amend, for the reasons set forth below.    Under

10   the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court is

11   required to dismiss a complaint at any time if the Court determines that the action is

12   frivolous or malicious; or fails to state a claim on which relief may be granted; or

13   seeks monetary relief against a defendant who is immune from such relief.  See 28

14   U.S.C. §§ 1915(e)(2), 1915A(b); see also 42 U.S.C. § 1997e(c)(1).  The Court has

15   determined that the Complaint is deficient as currently pled, and, pursuant to the

16   relevant authority, hereby dismisses the Complaint with leave to amend pursuant to

17   28 U.S.C. § 1915(e)(2).

18       The Court's screening of the Complaint under the foregoing statutes is

19   governed by the following standards.  A complaint may be dismissed as a matter of

20   law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory;

21   or (2) insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica

22   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint

23   states a claim on which relief may be granted, allegations of material fact are taken as

24   true and construed in the light most favorable to the plaintiff.  See Love v. United

25   States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Moreover, since plaintiff is appearing

26   pro se, the Court must construe the allegations of the Complaint liberally and must

27   afford plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police

28   Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  However, "the liberal pleading standard ...

1  applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

2  n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  "[A] liberal interpretation of a civil

3  rights complaint may not supply essential elements of the claim that were not initially

4  pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997)

5  (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir.1982)).

6       Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and complete

7  statement of the claim showing that the pleader is entitled to relief."  As the Supreme

8  Court recently held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion,

9  of entitlement to relief."  Further, "a plaintiff's obligation to provide the 'grounds' of

10  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

11  recitation of the elements of a cause of action will not do. . . . Factual allegations must

12  be enough to raise a right to relief above the speculative level."  <u>See</u> <u>Bell Atlantic</u>

13  <u>Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)

14  (internal citations omitted).  Thus, plaintiff must allege a minimum factual and legal

15  basis for each claim that is sufficient to give each defendant fair notice of what

16  plaintiff's claims are and the grounds upon which they rest. <u>See</u>, e.g., <u>Brazil v. United</u>

17  <u>States Dep't of the Navy</u>, 66 F.3d 193, 199 (9th Cir. 1995); <u>McKeever v. Block</u>, 932

18  F.2d 795, 798 (9th Cir. 1991).  Moreover, failure to comply with Rule 8(a) constitutes

19  an independent basis for dismissal of a complaint that applies even if the claims in a

20  complaint are not found to be wholly without merit. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

21  1172, 1179 (9th Cir. 1996); <u>Nevijel v. Northcoast Life Ins. Co.</u>, 651 F.2d 671, 673

22  (9th Cir. 1981).

23       After careful review and consideration of the Complaint under the relevant

24  standards, the Court finds that its allegations are insufficient to state a claim for

25  violation of plaintiff's federal civil rights.  Although the Court has concerns about

26  whether the deficiencies of the Complaint can be overcome, the Court will afford

27  plaintiff the opportunity to attempt to do so. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448

28  (9th Cir. 1987) (holding that a <u>pro</u> <u>se</u> litigant must be given leave to amend his

1  complaint unless it is absolutely clear that the deficiencies of the complaint cannot be

2  cured by amendment).  The Complaint therefore is dismissed with leave to amend.

3  If plaintiff desires to pursue this action, he is ORDERED to file a First Amended

4  Complaint within thirty (30) days of the date of this Order, remedying the deficiencies

5  discussed below.

6

7                                         **DISCUSSION**

8  **I.        The allegations of the Complaint are insufficient to state a claim against**

9            **any of the individual defendants in their official capacities.**

10         The United States and its agencies (including the BOP) are absolutely immune

11  from suit on constitutional claims for damages.  See, e.g., Pereira v. U.S. Postal

12  Service, 964 F.2d 873, 876-77 (9th Cir. 1992); Daly-Murphy v. Winston, 837 F.2d

13  348, 355-56 (9th Cir. 1987); see also FDIC v. Meyer, 510 U.S. 471, 486-87, 114 S.

14  Ct. 996, 127 L. Ed. 2d 308 (1994).

15         Moreover, a suit against a federal employee in his/her official capacity is a

16  suit against the United States.  Larson v. Domestic & Foreign Commerce Corp., 337

17  U.S. 682, 688, 69 S. Ct. 1457, 93 L. Ed. 1628 (1949); Gilbert v. DaGrossa, 756

18  F.2d 1455, 1458 (9th Cir. 1985).  The United States is a sovereign, and, as such, is

19  immune from suit unless it has expressly waived immunity and consented to be

20  sued.  United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d

21  580 (1983); United States v. Shaw, 309 U.S. 495, 500-01, 60 S. Ct. 659, 84 L. Ed.

22  888 (1940); Gilbert, 756 F.2d at 1458; Hutchinson v. United States, 677 F.2d 1322,

23  1327 (9th Cir. 1982).  The waiver must be unequivocally expressed.  United States

24  v. Teston, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976).  The United

25  States has not waived sovereign immunity for suits for damages based on alleged

26  civil rights violations by its employees.  See, e.g., Thomas-Lazear v. Federal Bur. of

27  Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988); Clemente v. United States, 766

28  F.2d 1358, 1363 (9th Cir. 1985); United States v. Timmons, 672 F.2d 1373, 1380

1  (11th Cir. 1982).  The causes of action set forth in the Complaint are alleged against

2  all of the defendants in their official (as well as  their individual) capacities.  As the

3  defendants are immune from such allegations, the allegations, as pled, fail to state a

4  cause of action.

5

6  **II.     The allegations of the Complaint also are insufficient to state a claim**

7  **        based on the alleged interference with plaintiff's attempts to file an**

8  **        administrative grievance.**

9          As best the Court can glean from the allegations in the Complaint, the

10  gravamen of plaintiff's claim against defendant Evans is that she refused to process

11  his grievance. (See Complaint at 4, 5).

12          To the extent that plaintiff's claims against defendant Evans is based on her

13  role in denying plaintiff's administrative appeals, plaintiff's allegations are

14  insufficient to state a § 1983 claim against her because the Ninth Circuit has held

15  that a prisoner has no constitutional right to an effective grievance or appeal

16  procedure.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v.

17  Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also, e.g., George v. Smith, 507 F.3d

18  605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in

19  civil rights violations can be held responsible and that "[r]uling against a prisoner

20  on an administrative complaint does not cause or contribute to the violation");

21  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials

22  whose only roles involved the denial of the prisoner's administrative grievances

23  could not be held liable under § 1983); Buckley v. Barlow, 997 F.2d 494, 495 (8th

24  Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not

25  confer any substantive right upon the inmates."); Wright v. Shapirshteyn, No. CV

26  1-06-0927-MHM, 2009 WL 361951, *3 (E.D. Cal. Feb. 12, 2009) (noting that

27  "where a defendant's only involvement in the allegedly unconstitutional conduct is

28  the denial of administrative grievances, the failure to intervene on a prisoner's

1  behalf to remedy alleged unconstitutional behavior does not amount to active

2  unconstitutional behavior for purposes of § 1983"); Velasquez v. Barrios, No.

3  07cv1130-LAB (CAB), 2008 WL 4078766, *11 (S.D. Cal. Aug. 29, 2008) ("An

4  official's involvement in reviewing a prisoner's grievances is an insufficient basis

5  for relief through a civil rights action.").

6

7  **III.     Plaintiff's allegations are insufficient to state a § 1983 claim based on**

8  **           inadequate medical care.**

9       In order to establish an Eighth Amendment claim based on inadequate

10  medical care, plaintiff must show that the defendants were deliberately indifferent

11  to his serious medical needs.  See Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct.

12  2475, 125 L. Ed. 2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285,

13  50 L. Ed 2d 251 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),

14  overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir.

15  1997).  Deliberate indifference to the serious medical needs of a prisoner constitutes

16  the "unnecessary and wanton infliction of pain" proscribed by the Eighth

17  Amendment.  See McKinney, 509 U.S. at 32; Gamble, 429 U.S. at 104; McGuckin,

18  974 F.2d at 1059.

19       A "serious" medical need arises if the failure to treat the plaintiff could result

20  in further significant injury or the "unnecessary and wanton infliction of pain."

21  Gamble, 429 U.S. at 104; McGuckin, 974 F.2d at 1059.

22       Deliberate indifference may be manifested by the intentional denial, delay or

23  interference with the plaintiff's medical care, or by the manner in which the medical

24  care was provided.  See Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

25  However, the defendant must purposefully ignore or fail to respond to the plaintiff's

26  pain or medical needs.  See McGuckin, 974 F.2d at 1060.  Thus, neither an

27  inadvertent failure to provide adequate medical care, nor mere negligence or

28  medical malpractice, nor a mere delay in medical care (without more), nor a

1 difference of opinion over proper medical treatment, is sufficient to constitute an

2 Eighth Amendment violation.  See, e.g., Gamble, 429 U.S. at 105-06; Toguchi v.

3 Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330,

4 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v.

5 Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984).

6 Moreover, the Eighth Amendment does not require optimal medical care or even

7 medical care that comports with the community standard of medical care.  "[A]

8 complaint that a physician has been negligent in diagnosing or treating a medical

9 condition does not state a valid claim of medical mistreatment under the Eighth

10 Amendment.  Medical malpractice does not become a constitutional violation

11 merely because the victim is a prisoner."  See Gamble, 429 U.S. at 106; see also,

12 e.g., Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin,

13 974 F.2d at 1050; Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.

14 1980).  Even gross negligence is insufficient to establish deliberate indifference to

15 serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

16 1990).

17       Here, the precise nature of plaintiff's claim of deliberate indifference to his

18 medical needs is unclear to the Court from its review of the Complaint.  However,

19 plaintiff alleges that he was prescribed the "wrong medication (Meclizine)" for his

20 hearing loss.  (See Complaint at 5). Under the authority set forth above, plaintiff's

21 allegations, even if taken as true, are insufficient to satisfy the deliberate

22 indifference element of an Eighth Amendment claim.

23

24                                    ***********

25       If plaintiff chooses to file a First Amended Complaint, it should bear the

26 docket number assigned in this case; be labeled "First Amended Complaint"; and be

27 complete in and of itself without reference to the original complaint, or any other

28 pleading, attachment or document.  **Plaintiff is admonished that, if he fails to**

7

1 **timely file a First Amended Complaint, the Court will recommend that the**

2 **action be dismissed with prejudice on the grounds set forth above and for**

3 **failure to diligently prosecute.**

4

5 DATED: December 17, 2009

6

7 _____

   DAVID T. BRISTOW
8  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28